## Richmond

### AETNA CASUALTY AND SURETY COMPANY, ET AL. v. U. S. PLYWOOD, ETC.

April 26, 1971.

Record No. 7441.

Present, All the Justices.

*Stuart B. Campbell, Jr. (John W. Parsons; Campbell & Campbell,* on brief), for plaintiffs in error.

*Maurice Steingold (Steingold & Steingold,* on brief), for defendant in error.

Per Curiam.

The court below, sitting without a jury, held that J. E. Davis & Sons, Inc., a general contractor, and Aetna Casualty and Surety Company, its surety, were liable to plaintiff, U. S. Plywood, which supplied materials to American Steel Equipment Company, Inc., a subcontractor of Davis, because Davis and Aetna had failed to require American to execute a bond pursuant to § 11-20, Code of 1950, as amended, 1964 Repl. Vol. Accordingly, the court entered judgment against Davis and Aetna in the amount of $5,452.80.

The pertinent part of the statute provides that no contractor shall subcontract any work without requiring the subcontractor to execute a bond with surety which shall be conditioned upon the payment of those persons who furnish labor or materials to the subcontractor,

*"provided, however, that subcontracts between the contractor and a manufacturer or a fabricator shall be exempt from the provisions requiring a payment bond * * *."* (Emphasis added.)

The evidence shows that Davis entered into a contract with the Commonwealth of Virginia to construct a building at Virginia Polytechnic Institute in Blacksburg, Virginia. Davis purchased from American a moveable aluminum partition system with glass weld panels to be made up in accordance with certain specifications. American purchased material for the partition on the open market, cut it to size, and fabricated or manufactured it to fit the plans and specifications. Plywood sold American a material known as glass weld, which was used by American in fabricating the partitions.

Davis paid American for the completed partitions upon delivery to the building site, but American did not pay Plywood for the glass weld material.

It is clear that American was a manufacturer or fabricator of the partitions and under the provisions of § 11-20 was exempt from the requirement of executing a payment bond. Hence Davis and Aetna were under no duty to require American to give a payment bond to protect Plywood for the materials furnished by it to American.

Accordingly, the judgment for the plaintiff, Plywood, is reversed and set aside and judgment is here entered for the defendants, Davis and Aetna.

*Reversed and final judgment.*